

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1759 | **DATE** | 10/5/2001 |
| **CASE TITLE** | Daniels vs. American Postal Worker Union, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motions to dismiss plaintiff's complaint are granted and the case is terminated. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 09 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 10/5/2001 | |
| MPJ | courtroom deputy's initials | 01 OCT -5 PM 6:10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANICE L. PIERCE DANIELS, )
)
    Plaintiff, )
)
v. ) No. 01 C 1759
)
AMERICAN POSTAL WORKER UNION, )
HERBY WEATHERS, JR., Local )
President, SAMUEL ANDERSON, ST. )
CLAIR DERBY, and JOHN HALL, )
)
    Defendants. )

DOCKETED
OCT - 9 2001

## MEMORANDUM OPINION AND ORDER

Janice L. Pierce Daniels is a Black woman who worked for the United States Postal Service in Chicago, Illinois. She was hired in 1977 to work as a "LSM.ZTM Operator" at the West Van Buren Street facility. She was injured in 1978, and was unable to continue in that position. In 1981, she was reassigned to be a Distribution Clerk. Later in 1981 and 1982, she had "bid assignments" to the position of Clerk Steno. That job was abolished in March 1994, and Ms. Daniels was reassigned to the position of a Distribution Clerk at the USPS Roseland Station, Chicago. She was represented by the American Postal Worker Union (the "APWU") from 1985 through 1987, and again since 1997. The other defendants are or appear to be employees or individual representatives of the APWU.

Arguing pro se, Ms. Daniels claims to have suffered unspecified instances of race, sex, and disability discrimination,

and retaliation from about 1984 (as stated in her EEOC complaint attached to her complaint) to about March 1987 (the cutoff date stated in her complaint). She does not give any details about these acts of discrimination or retaliation in her complaint or the material she attaches. In addition, Ms. Daniels also argues that the defendants committed various breaches of the union contract in failing to process grievances for arbitration, telling her lies, and refusing to give her information. She argues that the defendants violated their duty of fair representation under section 10(b) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 160, triggering section 301 of the LMRA, 29 U.S.C. § 185, which permits a union employee to sue her employer for the violation of collective bargaining agreements. She also argues that the defendants committed unfair labor practices in violation of section 8(b)(1)(A) of the LMRA, and that defendant St. Clair Darby in particular committed a crime in making false statements to the government in June or July 1998. She asks for $1 million in punitive and compensatory damages. The defendants move to dismiss Ms. Daniel's complaint for failure to state a claim, essentially because the statute of limitations has run on those of her claims that I could hear. I grant the motion, terminating this case.

I grant a motion to dismiss for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). I accept as true all well-pleaded factual allegations and draw all reasonable inferences in her favor. *Chaney v. Suburban Bus Div. of Reg'l Transp. Auth.*, 52 F.3d 623, 626-27 (7th Cir. 1995). Pro se submissions are to be "liberally construed." *Blake v. United States*, 841 F.2d 203, 205 (7th Cir. 1988). The essence of liberal construction is "to give a pro se plaintiff a break when, although [s]he stumbles on a technicality, h[er] pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, I am "not to become an advocate" for the pro se plaintiff. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

Ms. Daniels' claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, are barred by the statute of limitations.[1] She had 300 days from the challenged discriminatory acts to file her EEOC charges. *Sharp v. UAL*, 236 F.3d 368, 372 (7th Cir. 2001). Her EEOC charge was filed on December 1, 2001. Her complaint states that the discriminatory acts and acts of retaliation that form the basis of her Title VII claims occurred "on or about March, 1987." The EEOC charge itself states that Ms. Daniels began to file grievances with the APWU concerning

---

[1] The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* ("ADA") was not effective in 1987, when the last discriminatory act of which Ms. Daniels complains occurred, so she has no ADA claim. If she had, it would be time-barred for the same reasons that her Title VII claim is time barred. See 42 U.S.C. § 12117(a), incorporating 42 U.S.C. § 2000e-5(e) (the Title VII limitations period).

-3-

discrimination "since 1984." She offers no instance of a discriminatory act or act of retaliation that occurred after 1987.

Ms. Daniels invokes the continuing violation doctrine, under which conduct that falls outside the limitations period is actionable if it is linked with related acts that fall within the period. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). However, the continuing violation doctrine is applicable if the conduct can only be recognized as actionable in the light of later events that occurred within the limitations period. *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). For Ms. Daniels to avoid the running of the limitations period using this doctrine, "at least one of the alleged discrete acts of discrimination [must have] occurred within the relevant limitations period." *Young v. Will County Dept. of Public Aid*, 882 F.2d 290, 292 (7th Cir. 1989). In her complaint, Ms. Daniels offers only the claim that, on February 8, 2000, APWU President Herby Weathers falsely told her that the union had no knowledge of her grievances. I must assume that this is true, but it is not sex or race discrimination. Ms. Daniels does not even allege that this false statement was made because of her race or sex.

Ms. Daniels argues that the limitations period should be suspended under the doctrine of equitable tolling, which applies, first, "when the prospective plaintiff simply does not have and cannot with due diligence obtain information essential to bringing

a suit," *Anderson v. Bd. of Regents of the Univ. of Wisc. Sys.*, 140 F.3d 704, 706 (7th Cir. 1998), but Ms. Daniels emphasizes that she has been complaining about the discrimination for 14 years, and she points to nothing that she has discovered between 1987 and 2001 that would have enabled her to sue when she could not have done so earlier. Likewise the Supreme Court has allowed equitable tolling "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Ms. Daniels does not explain, nor can I understand, how the specific misrepresentations of which she complains tricked her into letting the deadline pass. She does say that several union representatives mislead her into thinking that certain grievances were still pending through the union arbitration process, but this does not by itself constitute discrimination, and she does not date these misrepresentations more specifically than "as early as 1994," which does not help her.

Ms. Daniels also sues under section 301 of LMRA for a breach of the duty of fair representation ("DFR"). Here the six month limitations period of the LMRA applies. *Johnson v. Graphic Communics. Int'l Union*, 930 F.2d 1178, 1183 (7th Cir. 1991)(Federal 6-month limitations period applies to "pure" section 301 claims, such as free-standing claims by a plaintiff against the union

-5-

(alone) for breach of contract.²). The six-month period "begins to run 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [breach of duty].'" *Steffens v. B'hood of Ry., Airline and S.S. Clerks, Freight Handlers, Exp. and Station Employees*, 797 F.2d 442, 446 (7th Cir. 1996) (citations omitted).

Ms. Daniels' DFR complaints, as far as I can tell from her complaint, concern grievances relating to the abolition of her previous position and her reassignment through the bid process, and were based on events that occurred up through 1994. The complaint in this case and the material she appends to it also shows that she has filed a number of charges with the NLRB alleging a breach of the union's duty of fair representation, including in 1995, 1998, 1999, and 2000. These have apparently been dismissed by the NLRB, including case No. 13-CB-15765 (dismissed October 1998), and case No. 13-CB-16099-1 (dismissed February 10, 2000). This lawsuit was filed in March 2001, well beyond the six month limitations period. In her response, Ms. Daniels says that she has filed NLRB complaints as recently as June 18, 2001 (dismissed August 9, 2001)), but I may only consider the allegations in her complaint, that is, as of March 2001.

---

² The APWU cites *Del Costello v. Teamsters*, 462 U.S. 151 (1983) to support the application of the federal limitations period, but this only applies to "hybrid" section 301 claims, where the union member sues both the employer and the union. *Johnson*, 930 F.2d at 1180.

-6-

Ms. Daniels argues that equitable estoppel should apply because the APWU and its representatives lied to her made her believe that they were pursuing her grievances. But "a pro se complainant can plead h[er]self out of court by pleading facts that undermine the allegations set forth in h[er] complaint." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 2000). Here, the undermining facts are that Ms. Daniels, by her own admission, has been filing DFR charges against the union on this set of complaints, involving delays in her grievances processing, at least since 1995, and as recently as 1999 and 2000. Although I must draw all reasonable inferences in her favor, it is too much of a strain to believe that she refrained from suing because she believed the defendants were processing her grievances at the same time that she was filing complaints (outside the limitations period) with NLRB for not processing her grievances.

Ms. Daniels lacks standing to sue St. Clair Darby for making false statements to the government under 18 U.S.C. 1001. Nothing in that criminal statute provides for a private right of action or provides civil remedies for a private person affected by any such statements. Only the government may prosecute a defendant for this crime. In addition, I have no jurisdiction over Ms. Daniels' claims that the defendants committed unfair labor practices in violation of section 8(b)(1)(A) of the LMRA, insofar as these claims may differ from her DFR charges. *United States v. Palumbo Bros., Inc.*,

145 F.3d 850, 861 (7th Cir. 1998) ("[O]nly the NLRB has the jurisdiction and authority to review and remedy unfair labor practices . . . . ) (citing 29 U.S.C. § 160). These claims are dismissed.

The APWU's motion to dismiss is GRANTED. For the same reasons, so is that of all the individual defendants. This case is terminated.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: October 5, 2001